700 P.2d 75

STATE of Idaho, Plaintiff-Respondent,

v.

Sean MATTHEWS, Defendant-Appellant.

No. 15093.

Court of Appeals of Idaho.

April 16, 1985.

454

Alan E. Trimming and August H. Cahill, Jr. (argued), Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a companion case to *State v. Anderson*, 108 Idaho 454, 700 P.2d 76 (1985) and *State v. McKeown*, 108 Idaho 452, 700 P.2d 74 (1985) which we have also decided today. Sean Matthews, along with Anderson, McKeown and two others, were charged with first degree murder in connection with the death of Christopher Peterman. Matthews was convicted by a jury of first degree murder and, after a sentencing hearing, was sentenced to the Idaho State Correctional Institute for an indeterminate life sentence. He asserts on appeal that the charge against him should have been transferred to juvenile court or dismissed. We affirm.

 Matthews' argument is the same as that raised by Anderson and McKeown. Matthews contends constitutional rights of due process and equal protection are infringed by I.C. § 16–1806A, a section of the Youth Rehabilitation Act (YRA) that excludes certain crimes, including murder, from YRA jurisdiction. Matthews also asserts that section 16–1806A conflicts with I.C. § 16–1804, another YRA provision that would place jurisdiction of the charge in juvenile court, and that I.C. § 16–1804 should control the jurisdiction issue. We held in *State v. Anderson, supra*, that I.C. § 16–1806A does not infringe constitutional rights of due process and equal protection.

Pursuant to section 16–1806A, prosecution of Matthews proceeded from the outset as if he were an adult. He acquired no expectation, from legislation or state conduct furthering prosecution of the crime, that he would be charged in juvenile court. We hold that Matthews' constitutional rights were not infringed when he was charged as an adult. Nor do we find, as discussed in *State v. Anderson, supra,* an irreconcilable conflict between section 16–1806A and other provisions of the YRA.

The judgment of conviction is affirmed.

SWANSTROM, J., concurs.

BURNETT, J., concurs in the result.