736 P.2d 1389

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael GOODSON,
Defendant-Appellant.**

No. 16362.

Court of Appeals of Idaho.

May 1, 1987.

Gar Hackney, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

We are asked to decide whether a district judge abused his discretion by imposing an indeterminate life sentence for the crime of forcible rape. The question is presented by Michael Goodson, who stands convicted upon his plea of guilty to a charge of forcibly raping a sixteen-year-old girl. We affirm the judgment.

The case has an irregular procedural history. Shortly after the court imposed sentence, Goodson filed a timely motion to reduce the sentence under I.C.R. 35. However, while the motion was pending, Goodson's counsel opted to withdraw the Rule 35 motion and to file a notice of appeal, which also was timely. The district court granted the motion to withdraw, but four days later the court reversed itself and rescheduled a hearing on the Rule 35 motion. Meanwhile, Goodson continued to pursue this appeal. Counsel has informed us that the district court eventually granted relief under Rule 35, placing Goodson on probation; however, the court later ordered the original sentence into execution because Goodson violated the terms of probation. We have not been asked to review the probation revocation decision. In reviewing the sentence, we will limit our discussion to the facts existing when the sentence originally was imposed. *See State v. Lute,* 108 Idaho 905, 702 P.2d 1365 (Ct.App. 1985). However, we note that Goodson is not disadvantaged by our limited scope of review. The subsequent events, as described by counsel, would not strengthen Goodson's position on appeal.

■ Our standards of sentence review are well known. Absent a clear abuse of discretion, a sentence within the statutory maximum will not be disturbed. An indeterminate life sentence is within the maximum penalty prescribed by I.C. § 18–6104. An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The standard of reasonableness was explained in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

For the purpose of appellate review, and not as a prediction of actual parole, the duration of confinement under an indeterminate life sentence is deemed to be ten years. *State v. Lute, supra; State v. Wilde,* 104 Idaho 461, 660 P.2d 73 (Ct.App. 1983).

■ When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the undisputed evidence shows that Goodson forced his way into the victim's apartment while armed with a gun. He threatened to use the weapon unless the victim agreed to have intercourse. She complied. Goodson then hurriedly left the apartment.

Goodson was only twenty-one-years old when he committed this offense. He had no prior criminal record as an adult. However, he had compiled a juvenile record and had received a dishonorable discharge from the Navy. More importantly, Goodson's behavior immediately prior to the instant offense demonstrated a high propensity for sexual violence. Two weeks before the rape, Goodson assaulted another woman at knife point and attempted to force her to perform fellatio upon him. For that offense he pleaded guilty to aggravated battery and was sentenced to a fifteen-year, indeterminate term running concurrently with the rape sentence.

The presentence report disclosed that Goodson suffered from alcohol and substance abuse. The report also observed that Goodson had failed to internalize a sense of responsibility for his actions. Because of his violent behavior, Goodson was deemed a poor risk for probation.

The district judge noted the violent nature of the offense and the use of a deadly weapon. He concluded that Goodson posed a "substantial risk of harm to the community." However, the judge also acknowledged a long-term possibility of rehabilitation. Accordingly, faced with a choice between an indeterminate or a fixed sentence under statutes then existing, the judge chose the former. He thereby created a potential for lifetime confinement while opening the door to possible parole. The judge noted that if Goodson earned parole after ten years, he could reenter society while still a relatively young man.

We think the reasons given by the district judge for the sentence he imposed were sound. Confinement for at least ten years is not an unreasonable safeguard for society against the pattern of violence exhibited by Goodson. To be sure, the sentence is a strict one. But we find no abuse of sentencing discretion. The judgment imposing sentence is affirmed.