865 P.2d 178
**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steven C. JUHASZ, Defendant–Appellant.**

No. 20341.

Court of Appeals of Idaho.

Dec. 17, 1993.

852

Alan E. Trimming, Ada County Public Defender, Deborah A. Whipple, Deputy, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

Steven Juhasz appeals from the order withholding judgment and imposing probation entered against him in the district court. Juhasz, who was a seventeen-year old juvenile, was charged by a grand jury indictment with battery with intent to commit rape and burglary in the second degree. Pursuant to I.C. § 16–1806A, Juhasz was charged as an adult before the district court rather than in juvenile court under the Juvenile Justice Reform Act of 1989 (JJRA).[1] He contests the jurisdiction of the district court and requests that his conviction be overturned and the indictment against him be dismissed. On appeal, the state concedes that the indictment as drafted did not charge an offense for which he could be prosecuted automatically as an adult under I.C. § 16–1806A, so as to confer jurisdiction upon the district court. We conclude that the district court did not have jurisdiction to accept Juhasz' guilty plea to an amended charge of aggravated battery and to impose sentence. We vacate the order withholding judgment and imposing probation and remand for further proceedings below.

The events which formed the basis for the charges against Juhasz took place on February 12, 1992, when Juhasz entered the home of the victim, a thirteen-year old girl who was a friend and neighbor of Juhasz. The victim testified before the grand jury that she had been home alone, taking a bath, and that Juhasz startled her as she came out of the bathroom wearing only a bath towel. She described how he had entered her room, told her that he loved her and wanted to have sex with her; and then he pulled down his pants and tried to touch her. She testified that she was frightened and fought to keep him from taking off her towel, that they struggled, and that she bit him on the arm in order to get away from him.

The grand jury returned an indictment, charging Juhasz with battery with intent to commit rape, I.C. §§ 18–903, –911, and burglary in the second degree, I.C. §§ 18–1401, –1402, –1404. Although Juhasz was a juvenile, the state proceeded against him in the district court pursuant to the automatic waiver statute, I.C. § 16–1806A. Juhasz objected to the district court's jurisdiction and moved for transfer of the proceedings to juvenile court, but his motion was denied. Juhasz thereafter pled guilty to an amended charge of aggravated battery in exchange for the state's dismissal of the indicted charges.

On appeal, Juhasz argues that the jurisdiction in his case was vested in the juvenile court, not the district court, because the indictment did not properly charge an automatic waiver offense under I.C. § 16–1806A. He acknowledges that the crime of battery with intent to commit rape, excluding statutory rape, is an offense automatically removed from juvenile jurisdiction. However, he contends that the indictment alleged only that the victim was thirteen years of age and failed to allege facts purporting to show forcible rape in order to qualify as an automatic waiver offense specified in I.C. § 16–1806A(1)(c).

In its brief on appeal, the state concedes that the indictment as drafted failed to allege an intent to commit *forcible* rape, which is an automatic waiver offense. The indictment

---

1. 1989 Idaho Sess.Laws, Chapter 155 (codified as amended at I.C. §§ 16–1801–1850 (1989)). The particular code section under which Juhasz was charged was I.C. § 16–1806A:

   Violent offenses, controlled substances violations near schools and offenders.—(1) Any person, age fourteen (14) years to age eighteen (18) years, who is alleged to have committed any of the following crimes....
   (c) Rape, but excluding statutory rape; ... shall be charged, arrested and proceeded against by complaint, indictment or information as an adult.

failed to specify that Juhasz intended either to overcome the victim's resistance by force or violence or to prevent her from resisting by threats of immediate and great bodily harm. I.C. § 18–6101(3), (4). It follows, therefore, that the indictment recounting only that the victim was a minor was insufficient to charge an automatic waiver offense vesting jurisdiction in the district court. Accordingly, we vacate the order withholding judgment and order of probation and commitment entered by the district court.

By holding invalid the proceedings before the district court, it is unnecessary for us to address on appeal, the issues raised by Juhasz in connection with his guilty plea, which are now moot. We will, however, address Juhasz' contentions regarding the constitutionality of the automatic waiver statute, I.C. § 16–1806A, and the evidence submitted to the grand jury which led to the original indictment against Juhasz. Upon remand, we conclude the state is free to prosecute Juhasz under the JJRA or, by adhering to the procedures required under I.C. § 16–1806A, to proceed in the district court.

Juhasz argues that I.C. § 16–1806A is unconstitutional and denies his due process and equal protection rights. He contends that the statute allows the state to circumvent the JJRA, which affords a hearing before the court may waive juvenile court jurisdiction in all cases involving juveniles who commit crimes except for those crimes specifically enumerated in § 16–1806A. In making his equal protection claim, he asserts that the statute, which discriminates against violent juvenile offenders by precluding the need for a waiver hearing, bears no rational relationship to the stated objective of the JJRA scheme to consider the best interests of the child and the community.

As noted by both parties, this Court reviewed the constitutionality of I.C. § 16–1806A in State v. Anderson, 108 Idaho 454, 700 P.2d 76 (Ct.App.1985). There, we stated that the legislative intent behind I.C. § 16–1806A was to exclude certain violent criminal acts, when committed by minors of a certain

age, from JJRA jurisdiction. Id. at 457, 700 P.2d at 79; see also I.C. § 16–1803(5)[2]. We held that the accused was never entitled to the advantaged position granted to those within the purview of the JJRA and that he suffered no due process violation by operation of the statute. Anderson, supra, at 458, 700 P.2d at 80. We also rejected an equal protection challenge to the statute, concluding that I.C. § 16–1806A passed constitutional scrutiny. Id. Therefore, we decline to revisit the issue in this case.

Juhasz next challenges the grand jury indictment, claiming that the indictment should have been dismissed because the prosecutor presented the testimony of the victim's mother to the grand jury. Juhasz characterizes this as prosecutorial misconduct. According to Juhasz, the testimony of the victim's mother was irrelevant to the probable cause inquiry to be made by the grand jury. The mother was not in town the day that Juhasz attacked her daughter, but she testified about her daughter's medical and emotional condition before and after the incident. Additionally, Juhasz argues that her testimony was inflammatory, in part because the mother is employed as jury commissioner in Ada County where the charges against Juhasz were filed.

We conclude that Juhasz' argument relates more precisely to the sufficiency of the evidence before the grand jury, not to prosecutorial misconduct. Generally, the role of the prosecutor in grand jury proceedings is to facilitate the presentation of competent witnesses who can testify to matters within their personal knowledge that relate to the inquiry. During its investigatory proceedings, the grand jury can receive any evidence that is given by witnesses produced and sworn before them. I.C. § 19–1105. Only legal evidence, excluding hearsay or secondary evidence, can be received by the grand jury. I.C.R. 6(f). An indictment will be sustained as long as the grand jury has received legally sufficient evidence which in and of itself supports a finding of probable cause. State v. Jones, Idaho, (S.Ct. No.

**2.** "This chapter [Chapter 18, I.C. §§ 16–1801–16–1850] shall not apply to the violent juvenile

offender, as defined in this chapter...."

19432, slip op. August 27, 1993); *State v. Edmonson,* 113 Idaho 230, 236–37, 743 P.2d 459, 465–66 (1987).

■ The record of the grand jury hearing in this case contains the testimony of the victim, the victim's mother and the law enforcement officer who took a statement from Juhasz shortly after the incident. The mother testified about her daughter's level of sexual sophistication and her daughter's embarrassment over the incident. Her testimony further touched on some of the reasons for her daughter's shyness and her daughter's social immaturity. These matters are relevant to the elements of forcible rape and the thirteen-year old girl's ability to resist an attacker. There is no reference in the record identifying the mother's employment as Ada County Jury Commissioner and, therefore, no basis to suspect that the mother's testimony was given enhanced credibility before the grand jury. Moreover, the mother's testimony was not objectionable as hearsay and, consequently, not grounds for dismissal of the grand jury indictment.

■ As previously stated, the victim testified that Juhasz had pushed open the door to her bedroom, that she backed away from him as he came toward her telling her he wanted to have sex with her, that he took his pants down and fought her to the floor trying to remove her towel and touch her body. She said that she was afraid of what Juhasz, a seventeen-year old who was 6 feet tall and weighed about 185 pounds, was going to do to her. Her version of the events of the February 12, 1992, encounter coincided in large measure with Juhasz' account of the events as reported by the officer. Upon this evidence alone, we conclude that the grand jury could have determined that Juhasz should be accused of the crimes of battery with intent to commit rape and burglary in the second degree. We are satisfied that there existed sufficient evidence for the grand jury to return an indictment. We hold, however, that the charging portion of the indictment must be amended if the state intends to use the indictment to charge Juhasz as an adult pursuant to the automatic waiver provision in § 16–1806A.

We vacate the district court's order withholding judgment and imposing probation and remand for further proceedings in accordance with this opinion.

WALTERS, C.J., and LANSING, J., concur.