898 P.2d 1105

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Santiago ESPINOZA, Defendant–Appellant.**

**No. 21643.**

Court of Appeals of Idaho.

June 28, 1995.

Whittier, Souza and Clark, Cht., Pocatello, for appellant.

Alan G. Lance, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Santiago Espinoza appeals from a judgment of conviction and sentence for murder in the second degree, a felony. I.C. §§ 18–4001, –4002 and –4003. On appeal, Espinoza asserts that the district court erred in denying his motion either to dismiss the murder charge or, in the alternative, to adjudicate him as a juvenile under the Youth Rehabilitation Act (YRA), I.C. § 16–1801, et seq. Espinoza also argues that the court abused its discretion in imposing a unified life sentence with a minimum period of confinement of twenty-five years. For the reasons set forth, we affirm the judgment of conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

On April 8, 1994, fourteen-year old Santiago Espinoza and his male companion, I.R., left a friend's apartment in American Falls with the intent to stop by a local fast food restaurant and then to go "cruising." Espinoza had been drinking alcohol and smoking marijuana, and both young men had armed themselves with knives before leaving the apartment.

On the same evening, seventeen-year old Patrick Caldwell and a male friend, J.B., left their homes to throw eggs at cars and buildings. Neither were carrying any weapons. According to J.B., Caldwell and J.B. were accosted by two Hispanic males, but Caldwell and J.B. immediately left the scene. They then split up and J.B. went home. Espinoza later informed the presentence investigator that he and I.R. found Caldwell standing next to the car Espinoza and I.R. were planning to drive. There is some uncertainty as to whether Caldwell was in the car or was standing next to it. Caldwell evidently said something that made Espinoza angry. Espinoza and I.R. hit Caldwell several times with their fists. Espinoza then stabbed Caldwell

seventeen times. Several of the wounds were to Caldwell's head and were hard enough to crack his skull. The remaining knife wounds were to Caldwell's torso, front shoulders and the left side of his upper body. After Espinoza and I.R. left the scene, Espinoza washed the blood from himself and disposed of the knives. Later that night, Espinoza turned himself in to the police. In the meantime, Caldwell was picked up by a passerby and was taken to the hospital where Caldwell died a short time later.

Espinoza initially was charged with first degree murder. He filed a motion for dismissal or to adjudicate him as a youthful offender under the YRA. The court denied the motion. Espinoza then pled guilty to a reduced charge of murder in the second degree. After reviewing the presentence investigation report (PSI) and a psychological evaluation, the district court imposed a unified life sentence, with a fixed period of confinement of twenty-five years. Espinoza appeals from the judgment of conviction and sentence.

## ANALYSIS

We first address Espinoza's claim that the district court erred in denying his motion to dismiss or to adjudicate him as a juvenile pursuant to the YRA. Espinoza argues that I.C. § 16–1806A is unconstitutional and denies him his due process and equal protection rights because (1) the statute allows the state to circumvent the juvenile justice system, which affords a hearing before the court may waive juvenile court jurisdiction in all cases involving juveniles who commit crimes, except for those offenses specifically enumerated in I.C. § 16–1806A; (2) although he was fourteen years old at the time of the murder, he was considered "developmentally immature" for a fourteen-year old youth; and (3) I.C. § 16–1806A erroneously limits the list of violent offenses.

As noted by both parties, this Court reviewed the constitutionality of I.C. § 16–1806A in *State v. Anderson*, 108 Idaho 454, 700 P.2d 76 (Ct.App.1985). There, we stated that the legislative intent behind I.C. § 16–1806A was to exclude certain violent criminal

acts, when committed by minors of a certain age, from jurisdiction pursuant to the Juvenile Justice Reform Act of 1989 (JJRA). *Id.* at 457, 700 P.2d at 79. We held that the accused was not entitled to the advantaged position granted to those within the purview of the JJRA and that he suffered no due process violation by operation of the statute. *Id.* at 458, 700 P.2d at 80. We also rejected an equal protection challenge to the statute, concluding that I.C. § 16–1806A passed constitutional scrutiny. *Id.* We have upheld these conclusions in several subsequent opinions. *State v. Juhasz,* 124 Idaho 851, 853, 865 P.2d 178, 180 (Ct.App.1993); *State v. Lute,* 108 Idaho 905, 907, 702 P.2d 1365, 1367 (Ct.App.1985); *State v. Matthews,* 108 Idaho 453, 454, 700 P.2d 75, 76 (Ct.App.1985); *State v. McKeown,* 108 Idaho 452, 453, 700 P.2d 74, 75 (Ct.App.1985). We decline to revisit the issue in this case.

■ We next address Espinoza's assertion that the district court abused its discretion by imposing a unified life sentence, with the first twenty-five years determinate. When a sentence is challenged on appeal, we review the sentence to determine whether it is unreasonable and therefore constitutes an abuse of the trial court's discretion. The objectives of sentencing against which the reasonableness of a sentence is measured are the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1983).

■ We base our review on the probable length of confinement. For sentences imposed under the Unified Sentencing Act, I.C. § 19–2513, the probable length of confinement is the minimum period of incarceration imposed by the sentencing judge. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is twenty-five years. In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). We will find that the trial court abused its discretion only

if the defendant shows that, in light of the objectives of sentencing, his sentence was excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993); *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

■ The facts relating to the nature of the offense have been set forth above and need not be repeated. As to Espinoza's character, he has an extensive juvenile record, beginning at the age of approximately eight. His record consists of three battery offenses, runaways, indecent exposure, curfew violations, illegal consumption of alcohol, trespass, two counts of first degree burglary and a charge of malicious injury to property. Espinoza's behavioral problems have also previously been addressed by the state. During 1990, while Espinoza was in the custody of the Idaho Department of Health and Welfare, he violated his probation by not attending mandatory programs, by shoplifting, by failing to comply with tracker services and by not residing with either of his parents. We also note that the juvenile system attempted to address his problems from late August 1992 through early January 1994, when Espinoza was placed at the Idaho Youth Ranch. According to the PSI, Espinoza successfully completed several of the processes at the Idaho Youth Ranch, but failed to incorporate the changes in his behaviors. Espinoza was discharged from this program because he verbally and physically abused his peers and members of the staff. As a result of one such incident, a staff member was hospitalized. The district court also heard extensive testimony regarding whether at the age of fourteen, Espinoza could be rehabilitated. The court concluded that society must be protected from Espinoza and, that Espinoza could access rehabilitative programs within the prison system to better himself. We agree.

We hold that the unified life sentence, with a minimum period of confinement of twenty-five years, furthers the sentencing goals of protecting society, deterrence and retribution. We conclude that the district court did not abuse its discretion in imposing the sentence.

## CONCLUSION

We uphold the district court's finding that I.C. § 16–1806A is constitutional and does not deny Espinoza's rights of due process and equal protection. We conclude that the court did not abuse its discretion in imposing the sentence. The judgment of conviction and sentence are therefore affirmed.

LANSING and PERRY, JJ., **concur.**