925 P.2d 413

**STATE of Idaho, Plaintiff–Respondent.**

v.

**Phillip D. WALKER, Defendant–Appellant.**

No. 22454.

Court of Appeals of Idaho.

Oct. 17, 1996.

Alan E. Trimming, Ada County Public Defender; Amil N. Myshin, Jr., Deputy Public Defender, Boise, for defendant–appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for plaintiff–respondent.

LANSING, Judge.

We are called upon to review the reasonableness of the sentence imposed upon Phillip D. Walker for first degree murder, I.C. §§ 18–4001, –4003(d). The charges stemmed from the death of Walker's two and one-half-year-old stepson after Walker had anal intercourse with the child. The death was caused by peritonitis resulting from lacerations in the child's colon. Walker pleaded guilty pursuant to a plea agreement in which the State agreed not to seek the death penalty and to limit its sentencing recommendation to a unified life sentence with a minimum period of thirty years' incarceration. The district court imposed a unified life sentence with a minimum term of twenty-nine years. On appeal, Walker challenges the sentence, contending that it is excessive.

When reviewing a sentence on appeal, we independently examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). A period of confinement is reasonable if it appears necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Shiloff,* 125 Idaho 104, 106, 867 P.2d 978, 980 (1994); *State v. Espinoza,* 127 Idaho 194, 196, 898 P.2d 1105, 1107 (Ct.App.1995); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

The determinate portion of Walker's sentence, twenty-nine years, is treated as the probable term of confinement for purposes of appellate review. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Therefore, Walker bears the burden to show that this twenty-nine-year term is unreasonably harsh in light of the governing criteria and the facts in the record.

In examining the nature of Walker's offense, we find nothing that militates in favor of a lesser sentence. Walker anally penetrated a very small child, callously disregarding the severe physical pain and psychological trauma that he was inflicting upon the child. In the days that followed, Walker declined to obtain medical treatment that might have saved the child's life. Walker acknowledged that he saw blood in the child's diaper following the molestation, but did not disclose this to the child's mother or contact a doctor because doing so would likely trigger a criminal investigation.

Walker argues that the district court abused its discretion by failing to consider his age, eighteen at the time of the offense, when fashioning the sentence. The record does not support this argument. The trial court explicitly addressed Walker's age as well as the fact that Walker had been sexually assaulted as a child. We observe as well that although Walker was young, unlike some young adult defendants he does not appear to be a good candidate for rehabilitation merely because of his age. The information available to the sentencing court included a psychological evaluation which indicated that Walker is unlikely to respond to rehabilitation efforts. The psychologist diagnosed Walker as having an antisocial personality disorder and a serious alcohol abuse problem. He reported that Walker is impulsive, chronically angry and manipulative of others. The psychologist was of the opinion that Walker's psychological profile and limited intellectual capacity make him unlikely to benefit from psychological treatment.

The district court, after having considered Walker's age, intellect and childhood experiences as mitigating factors, concluded that the heinous nature of the crime Walker had committed and the poor prognosis for rehabilitation required that the court be attentive to the sentencing goals of punishment and deterrence. The court explained:

> [W]hat this really is is a male rape, a sodomization of a two-and-a-half-year-old coupled with a manslaughter, that is, the death of this child through the unlawful criminal means of his sodomization.
>
> In terms of the utter horror and appalling nature of that conduct, one can simply find it unfathomable.... And to consider the hell on earth for this little tyke whom you stood in the role as a father, completely helpless and vulnerable, to lose his innocence this way, it must have been completely unfathomable and incalculable to him.
>
> ....
>
> I shall take into consideration the factors that have been brought out. I realize you have intellectual limitations. Your I.Q. is approximately 73. You were abused yourself, I will assume that, as a youngster....
>
> I shall also take into consideration ... that at least, unlike others, you did come to the realization of the horror of your crime and were willing to admit it on the public record with a plea of guilty, ....
>
> But the bottom line is this, Mr. Walker: I have to deal with the realities of this horrible crime, ....

Having carefully reviewed the record, we find no abuse of discretion in the trial court's sentencing decision.

The judgment of conviction and sentence imposed upon Walker for first degree murder are affirmed.

WALTERS, C.J., and PERRY, J., concur.