414 P.2d 465

**Alvis WILSON, Petitioner-Appellant,**

**v.**

**STATE of Idaho, Defendant-Respondent.**

**No. 9697.**

Supreme Court of Idaho.

May 9, 1966.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Asst. Atty. Gen., Boise, for respondent.

Raymond D. Givens, Boise, for appellant.

McQUADE, Justice.

In 1962 Alvis Wilson, petitioner-appellant herein, was charged with and convicted of the crime of grand larceny and, as a persistent violator, was sentenced to a term of not more than eight years in the state penitentiary. An appeal was filed from the judgment of conviction, but because of Wilson's failure to prosecute such appeal, this court in 1964 granted the State's motion to dismiss the appeal.

In 1964 Wilson filed in the Ada County District Court a petition for a writ of habeas corpus in which he alleged that at his trial he was charged with being a persistent violator of the law; that this charge in the information, as well as evidence of his prior convictions, was submitted to the jury; and that this procedure was contrary to the rule established in State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963). The District Court denied issuance of the writ on the ground that the error committed at Wilson's trial was not one

which affected the jurisdiction of the trial court or rendered the judgment of conviction void and, therefore, habeas corpus was not available to review such error. No appeal was taken from that order.

In 1965 Wilson filed the present petition in Ada County District Court for a writ of habeas corpus, alleging, in substance, the same basis for relief as was stated in his previous petition.

The District Court denied issuance of the writ for the same reason as was stated in the decision in the prior habeas corpus proceeding and for the additional reason that the petition presented the identical issue which previously had been decided adversely to petitioner and was, therefore, res judicata and could not be relitigated. From that judgment Wilson appeals.

At the outset we must note that habeas corpus is an extraordinary remedy and cannot be used as a substitute for an appeal. Cobas v. Clapp, 79 Idaho 419, 319. P.2d 475 (1957), cert. den. 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816 (1958); In re Davis, 23 Idaho 473, 130 P. 786 (1913). After a trial and conviction, it is available to review only those errors in the prior proceedings which affect either the jurisdiction of the court or validity of the judgment. Franklin v. State, 87 Idaho 291, 392 P.2d 552 (1964, opinion of Taylor, J.); Mahaf-

fey v. State, 87 Idaho 233, 392 P.2d 423 (1964); Ex Parte Olsen, 74 Idaho 400, 263 P.2d 388 (1953).

The precise question to be determined, then, is whether the error committed at appellant's trial was one which affected the "jurisdiction of the court" or "validity of the judgment." We conclude that it was not and, therefore, affirm the decision below.

It is conceded that the District Court in which appellant was tried and convicted had jurisdiction to entertain the criminal cause. See Idaho Constitution, Art. 5, § 20; I.C. § 1–705; State v. Raaf, 16 Idaho 411, 101 P. 747 (1909). Appellant contends, however, that although the trial court had jurisdiction initially, it subsequently lost jurisdiction because the error complained of denied appellant a fair trial, thereby rendering the proceedings void. In exceptional circumstances habeas corpus may be employed to cure certain errors occurring at a trial which are of such a nature as to deprive the court of jurisdiction to proceed with the cause or to render void the proceedings and judgment of conviction as, for example, where an accused has been denied a fundamental constitutional right. See, e. g., Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938, denial of right to counsel); Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923,

mob dominated trial); Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948 (1954, involuntary confession); Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941, failure to inform as to nature of charges); Shapiro v. United States, 69 F.Supp. 205 (1947, unreasonably short time to prepare defense).

error committed at appellant's trial, however, was not of the dimension of those illustrated by the aforementioned cases. The rule announced in State v. Johnson, supra, was not constitutionally compelled (as was noted in the opinion, there is a distinct division among the states as to whether that part of the information charging an accused with being a persistent violator of the law should be read to the jury and evidence presented thereon prior to their verdict on the substantive count), but rather was based on this court's inherent and statutory power, in the absence of legislative direction, to prescribe procedures which best comport with both traditional and current concepts of the requirements for a "fair and impartial trial." The procedural error at appellant's trial was one the court had power to commit, State v. Reinoehl, on rehearing 70 Idaho 365, 218 P.2d 867 (1950), and did not affect its jurisdiction or the validity of its judgment. Commonwealth ex rel. Gatens v. Banmiller, 187 Pa.Super. 552, 145 A.2d 192 (1958);

**502**

Thompson v. Harris, 106 Utah 32, 144 P.2d 761 (1943).

"Mere errors in point of law, however serious, committed by a criminal court in the exercise of its jurisdiction over a case properly subject to its cognizance, cannot be reviewed by habeas corpus. That writ cannot be employed as a substitute for the writ of error." McMicking v. Schields, 238 U.S. 99, 35 S.Ct. 665, 59 L. Ed. 1220 (1915).

■ Appellant also assigns error to the court's ruling that his habeas corpus petition was res judicata and could not be relitigated. There is no merit to this contention.

"While a court should be liberal in entertaining habeas corpus proceedings, there is no reason to reconsider the same questions repeatedly." Cochran v. Amrine, 153 Kan. 777, 113 P.2d 1048 (1941).

"The same court will not ordinarily entertain successive applications for writs of habeas corpus based on the same ground and the same facts, * * *." 39 C.J.S. Habeas Corpus § 105.

Judgment affirmed.

McFADDEN, C. J., TAYLOR and SPEAR, JJ., and SCOGGIN, D. J., concur.