465 F.2d 1000
 UNITED STATES of America
v.
CHRISTIE INDUSTRIES, INC., Appellant in No. 17607 and Edwin
C. Christie.
UNITED STATES of America
v.
CHRISTIE INDUSTRIES, INC., and Edwin C. Christie.
Appeal of Edwin C. CHRISTIE, Appellant in 17608.
 Nos. 17607, 17608.
 United States Court of Appeals,
 Third Circuit.
 Argued June 24, 1971.
Decided Sept. 22, 1971.
 
 Arthur J. O'Dea, Goodman, O'Dea & Breslin, Tenafly, N. J., for appellants.
 Carolyn E. Arch, Asst. U. S. Atty., Newark, N. J. (Herbert J. Stern, U. S. Atty., Newark, N. J., on the brief), for appellee.
 Before BIGGS and MAX ROSENN, Circuit Judges, and KRAFT, District Judge.
 OPINION OF THE COURT
 BIGGS, Circuit Judge.
 
 
 1
 On September 11, 1967,[1] a preliminary injunction was entered by the District Court restraining Christie Industries, Inc. (Industries) and Edwin C. Christie (Christie) "and any of their officers, agents, servants, employees, and all above-entitled persons in active concert with any of them, during the pendency of the action, from preparing, packaging, promoting, selling, distributing, introducing, and causing to be introduced, and delivering and causing to be delivered for introduction into interstate commerce the aforesaid fireworks assembly-kits,[2] individually, jointly, by, through or under the names of 'Ecco,' 'Ecco Products,' 'Rocket Supply Co.,' or any other trade name or corporate entity." Jurisdiction of the trial court was based on the Federal Hazardous Substances Act, 15 U.S.C. Section 1267(a).
 
 
 2
 On June 18 and June 19, 1968, a criminal trial to the Court, a jury having been waived, was had on the charge under 18 U.S.C. Sec. 401(3) that Industries or Christie, and various agencies controlled by it, had violated the provisions of the preliminary injunction by mailing to various minor persons fireworks and firework materials of the kind specified in the preliminary injunction. The Trial Court found Industries and Christie guilty of criminal contempt and fined each $2500.
 
 
 3
 On appeal, Industries and Christie insist that there was insufficient evidence to sustain a finding of violation of the terms of the preliminary injunction; indeed, the appellants' brief contains the bold assertion that "there is no proof that the named defendants committed any act or acts which would be violative of the subject Order." We agree.
 
 
 4
 We have carefully reviewed the record in the criminal contempt proceeding and we are compelled to conclude that there is no evidence to prove that "Ecco," "Ecco Products" or "Rocfuel Ltd." were owned, controlled, or connected with Christie or Industries on the dates when the government attempted to prove that the injunction was violated. The government's witnesses, which included several children who received fireworks kits through the mail, consistently denied ever having any dealings or familiarity with Christie or Industries. See transcript at 11, 39, 71, 152 and 167. These witnesses testified that they ordered and received their kits from entities called "Ecco," "Ecco Products," or "Rocfuel Ltd." Thus, the government has failed to prove an essential element of the criminal contempt, viz., that the defendants violated the injunction.[3]
 
 
 5
 The government argues, however, that we should take judicial notice of the civil proceeding in which Christie testified that "Ecco," "Ecco Products" and "Rocket Supply" were names under which he and Industries did business. The general rule in this circuit was enunciated in Funk v. Commissioner of Internal Revenue, 163 F.2d 796, 800-801 (1947):
 
 
 6
 "[C]ourts will not travel outside a record in order to notice proceedings in another case, even between the same parties in the same court, unless the proceedings are put in evidence. * * * The rule has received a strict construction. * * * However, exceptions are admitted, and it may indeed be made appropriate to say that the extent to which the doctrine will be applied depends to a large degree upon considerations of expediency and justice under the circumstances of a case, as well as upon what it is that a court is asked to notice." (Citations and footnote omitted.)
 
 
 7
 In the instant case, the civil injunction proceedings were not introduced into evidence. Under the circumstances of this case, we cannot take judicial notice of Christie's testimony at the civil injunction proceeding. Even if we did take such notice, this would not aid the government's case, for it would not establish the requisite connection between Christie and Industries on the one hand and "Ecco," "Ecco Products," and "Rocfuel" on the date of the alleged violations of the preliminary injunction. It would only establish a connection between these entities on the date of Christie's testimony. It is possible, for example, that Christie and Industries divested themselves of ownership and control of "Ecco," "Ecco Products" and "Rocfuel Limited" between the date of Christie's testimony during the civil injunction proceeding and the dates of the alleged violations of the civil injunction.
 
 
 8
 In light of our disposition of this case, we need not consider appellants' other contentions.
 
 
 9
 The judgments of conviction against Christie and Industries will be reversed.
 
 
 
 [1]
 No action to make the preliminary injunction permanent has been taken by the prosecution to the date of this opinion
 
 
 [2]
 The assembly-kits referred to by the court issuing the preliminary injunction each contained cylinder casings, cup-like end caps, fuse coil, one plastic bag containing potassium nitrate, and one plastic bag containing aluminum powder and sulphur
 
 
 [3]
 In its brief, the government states that the "Notice of Appeal" to this court gave as Industries' address "56 Courtland Avenue, Dumont, New Jersey." During the direct examination of William Porter Stone (the father of one of the children who allegedly purchased the illegal fireworks assembly-kits), testified that the return address on the package sent to his son was: "Rocfuel, Limited, 56 Co[u]rtland Avenue, Dumont, New Jersey." The government suggests that this is sufficient evidence to connect Industries with Rocfuel. First, we do not consider an address appearing on a Notice of Appeal to be evidence in the case sub judice. Even if we did consider it evidence of the fact that Industries' address was 56 Courtland Avenue, Dumont, New Jersey," at the date of the filing of the "Notice of Appeal," this would not be proof that Industries' address was the same at the date the fireworks package was sent to Stone's son. A final basis for our rejection of this argument is that a mere identity in addresses between Rocfuel and Industries does not establish beyond a reasonable doubt that Rocfuel was owned, controlled or connected with Industries
 It should also be noted that Christie, himself, gave his address as: "170 Woodland Road, Demarest, New Jersey," on his "Notice of Appeal." The trial transcript on the criminal contempt proceeding is devoid of any further mention of this address.