**AMCO MESH & WIRE CO., Appellant,**

v.

**Douglas L. STEWART et al., Appellees.**

No. 15835.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 2, 1971.

Daniel O. Newsom, Houston, for appellant.

Rex Emerson, Pasadena, for appellees.

COLEMAN, Justice.

This is an appeal from an order denying an application for a temporary injunction. The trial court denied the application without hearing any testimony or other evidence, concluding that the order previously entered by the court in a related cause was determinative in this action. The judgment is reversed.

The trial court is authorized to take judicial knowledge of its own records. While Cause No. 869,281, styled Amco Mesh and Wire Co. v. David A. Andrews and Weld-Mor Machines and Equipment, Inc., was filed in the 164th Judicial District Court of Harris County, Texas, the application for temporary injunction was heard by the judge of the 113th Judicial District Court. He was authorized to determine from the records of that cause the parties involved, issues presented, and the judgment rendered, and to determine what effect that judgment had on the issues in this case. Victory v. State, 138 Tex. 285, 158 S.W.2d 760 (1942).

An appellate court may take judicial knowledge of its own records and judgments rendered in cases involving the same subject matter. Cause No. 869,281 was appealed to this court. We are authorized to look to the record in that cause to determine the parties involved, issues presented, and judgment rendered therein. Rains County v. Henson, 183 S.W.2d 689 (Tex.Civ.App.—Amarillo 1944, writ ref.); Jones v. City of Uvalde, 144 S.W.2d 932 (Tex.Civ.App.—San Antonio 1940, writ ref.); A. & M. College of Texas v. Guinn, 280 S.W.2d 373 (Tex.Civ.App.—Austin 1955, writ ref., n. r. e.).

The appellees in the instant case were not parties to Cause No. 869,281. In this case appellant alleged that in his business of manufacturing welded wire mesh it uses machinery designed by it containing features constituting trade secrets; that such secrets were disclosed to appellees in confidence; that appellees are engaged in the installation or operation of machines so similar to the mechanism developed by appellant as to be an appropriation thereof; that the use of such mechanism is wrongful and fraudulent as to appellant and constitutes unfair competition. It is further alleged that appellee Stewart had theretofore occupied a confidential relationship with appellant. The prayer asked that appellees be enjoined from in any manner divulging the plans, blueprints, instructions, construction or operation of appellant's welded mesh machine feed mechanism and specification control system and from constructing, manufacturing, installing or operating any such welded mesh machine feed mechanism and specification control system.

While there were other allegations and a prayer for certain other relief, the matter recited above is sufficient to demonstrate that the issues determined in Cause No. 869,281 were not the same as in this case. In the case previously before this court a company not shown to be affiliated with appellees except by contract was enjoined from manufacturing machinery containing appellant's alleged trade secrets, except for two machines under construction, and from divulging the alleged trade secrets. While the subject matter of the two suits is the same, there are different issues. In the former suit the court did not deal with the installation and operation of the machines by the appellees in this suit, nor did it determine whether these appellees should be enjoined from revealing the alleged trade secrets to other parties.

The issues determined and the judgment entered in the former suit do not preclude the issuance of the temporary injunction sought in this suit. An appellate court cannot resort to the record of testimony taken in a different case, or on a former trial of the same case, to determine whether error has been committed in a later case. The testimony taken at a previous trial cannot be considered by the trial

judge in a subsequent trial unless it is admitted at that trial. Federal Underwriters Exchange v. Hinkle, 187 S.W.2d 122 (Tex.Civ.App.—Ft. Worth 1945, writ ref.); Victory v. State, supra.

The trial court recited in his judgment in this case that he rendered judgment "without hearing plaintiff's witnesses, testimony or other evidence. . . .," and that "the court finds plaintiff's application for temporary injunction . . . is concluded by the temporary injunction order . . . in Cause No. 869,281 . . ." Appellant excepted to the judgment and gave notice of appeal. This is a sufficient basis for a point of error that the court abused its discretion by summarily entering a judgment without affording appellant an opportunity to present his evidence despite the fact that appellant failed to preserve his testimony in a bill of exceptions. The trial judge, in effect, ruled that the application must be denied as a matter of law. In so ruling he was in error.

Reversed and remanded.