839 P.2d 1215

**Sean Joel MATTHEWS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 18772.**

Supreme Court of Idaho,
Boise, January 1992 Term.

Oct. 21, 1992.

Sean J. Matthews, petitioner-appellant, pro se.

Larry EchoHawk, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

BISTLINE, Justice.

On March 21, 1983, Matthews was convicted of first degree murder by torture and sentenced to an indeterminate life sentence which he is currently serving in the Idaho Department of Corrections. Matthews appealed. In that appeal, Matthews' counsel, who was not the attorney who represented him at trial, attacked the validity and applicability of I.C. § 16–1806(1)(a), which excludes the offense of murder from the jurisdiction of the juvenile courts. It was argued that Matthews, who was a juvenile when the offense was committed, should have been tried in juvenile court. The Court of Appeals disagreed and affirmed his conviction in 1985. *State v. Matthews*, 108 Idaho 453, 700 P.2d 75 (Ct. App.1985).

On March 20, 1990, Matthews filed a Petition for Post–Conviction Relief with the district court. His petition alleges seventeen causes of action, which are readily summarized as follows:

1. That Idaho Code § 18–4001 violates the due process clause because it creates an irrebuttable presumption that the intentional application of torture to a human being constitutes malice aforethought and is deemed to be the equivalent of intent to kill, thus removing an essential element which the prosecution must establish in proving a murder charge and also creating an impermissible inference of intent to cause suffering, thereby relieving the state of its burden of proving every element of the crime.

2. That the information was constitutionally deficient because it failed to set forth the necessary allegation of "untoward purpose behind torturous conduct," which is an element of specific intent in the crime of torture murder.

3. That given jury instruction No. 23 amounts to a conclusive presumption and is therefore in violation of the due process clause.

4. That both given instructions No. 16 and No. 17 constitute an unconstitutional definition of torture murder, and given instruction No. 17 taken alone is an unconstitutional definition of torture murder in that torture murder in the second degree has not been statutorily created by the legislature, nor established as viable by any precedential case law decision.

5. The jury was not instructed that accomplice testimony must be corroborated as required by Idaho Code § 19–2117.

6. The jury was not instructed regarding the credibility of convicted felons.

7. That during cross examination of the petitioner the prosecuting attorney pursued an improper line of questioning.

8. That highly prejudicial autopsy photographs were shown to the jury.

9. That he was not afforded adequate and competent representation during trial.

10. That he was not given effective assistance of counsel on appeal.

On April 30, 1990, the district judge filed a Notice of Intent to Dismiss the Petition stating that 1) Matthews' claims had been forfeited by failure to raise them on direct appeal, and 2) Matthews' claim of ineffective assistance of counsel both at trial and on appeal could not be sustained. The district court considered those two claims on their merits but dismissed them. His petition was dismissed by court order on May 29, 1990, and Matthews appealed to this Court.

The main issues in this appeal are 1) whether the district court erred in relying upon language in the 1986 amendment to I.C. § 19–4901(b) in finding that Matthews had waived most of the issues he raised because he did not raise them on direct appeal and 2) whether the district court erred by finding that Matthews received effective assistance of counsel at trial and on appeal. Matthews argues that he has

not waived any of the above issues and if those issues are held to have been waived, such is wholly attributable to ineffective assistance of counsel on appeal.

We hold that; 1) Matthews' first, second, third and fourth allegations are without merit and 2) that Matthews is procedurally barred from raising his fifth, sixth, seventh and eighth issues, but is not barred from raising his claim of ineffective assistance of counsel at trial, and, likewise ineffective assistance of counsel on appeal. For reasons set out below, we further hold the court erred by dismissing those claims without having conducted an evidentiary hearing.

### 1. IDAHO CODE § 19–4901(b) DOES NOT APPLY RETROACTIVELY TO THIS CASE.

■ At the time the Court of Appeals issued its decision on reviewing Matthews' direct appeal in 1985, I.C. § 19–4901(b) provided:

> This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence and conviction. Except as otherwise provided in this act, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

The next year, the statute was amended to include the following language:

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilty and could not, in the exercise of due diligence, have been presented earlier.

Notwithstanding that the direct appeal was fully conducted and final in 1985, the district court relied upon the 1986 amendment language in ruling that Matthews had waived most of the issues raised in his petition. This was error. Idaho Code § 73–101 clearly prohibits the retroactive application of newly passed legislation: "[N]o part of these complied laws is retroactive, unless expressly so declared." As is readily apparent from the text of I.C. § 19–4901, there is not even a hint of legislative intent that the statute could be retroactively applied, much less an express declaration to that effect.

Thus, the conclusion is inescapable that the 1986 amendment to I.C. § 19–4901 does not apply to this case. Our Court of Appeals has previously reached a conclusion similar to ours:

> As amended, the statute now provides that an issue is "forfeited" if not raised on direct appeal, unless it creates a "substantial doubt" concerning the applicant's guilt and "could not, in the exercise of due diligence, have been presented earlier." Time will tell whether these efforts to narrow the scope of issues raised under the post-conviction relief statute will prove effective, or, if effective, will increase pressure on state and federal courts to entertain allegations of fundamental error in habeas corpus proceedings. But for the purpose of this case, it suffices to say that the statute was amended after Matthews' direct appeal was decided.

*Matthews (Michael) v. State,* 113 Idaho 83, 85, 741 P.2d 370, 372 (Ct.App.1987).

We need not reach Matthews' argument that application of the statute was a violation of the constitutional (U.S. Const. art, I, § 10, Idaho Const. art, I, § 16) prohibitions against *ex post facto* laws, in light of our resolution of this issue on statutory grounds. *See Swensen v. Buildings, Inc.,* 93 Idaho 466, 469, 463 P.2d 932, 935 (1970) (court will not rule on constitutional issue unless necessary to resolve the case).

### 2. UNDER PRE–1986 LAW, MATTHEWS HAS WAIVED ALL OF HIS CLAIMS EXCEPT HIS CONSTITUTIONAL CLAIMS AND THE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL.

■ Although the district court's reliance on the 1986 amendment to I.C. § 19–

4901 was error, it was harmless. The same result was readily obtainable by applying the law as it existed in 1985 as evidenced by this Court's opinion in *Smith v. State*, 94 Idaho 469, 474–75, 491 P.2d 733, 738–39 (1971):

> Habeas corpus is available, however, to cure fundamental errors occurring at the trial which affect either the jurisdiction of the court or the validity of the judgment, even though these errors could have been raised on appeal. *Wilson v. State*, [90 Idaho 498, 414 P.2d 465 (1966)]. Likewise, under I.C. § 19–4901(a)(1), post-conviction relief is available to cure unwaived constitutional errors or other fundamental errors occurring at the trial.
>
> In applying the rule that a post-conviction remedy is not a substitute for an appeal, other courts—in jurisdictions with provisions substantially identical to I.C. § 19–4901—have distinguished between 'mere trial errors' (which can be corrected only by direct appeal) and 'fundamental errors' (which may be raised even though they could have been raised on appeal).

The *Smith* opinion went on to state that the failure to raise known and existing grounds of unconstitutional action on direct appeal bars a subsequent challenge of the conviction predicated on those grounds which, though known, had not been utilized.

Applying this standard to Matthews' issues, we hold that the fifth and sixth issues (that the court erred in not instructing the jury regarding the credibility of accomplice witnesses or of convicted felons witnesses), as well as the seventh (that the prejudicial effect of the photographs of the victim shown to the jury outweighed their probative value) and eighth (that the prosecutor engaged in improper cross-examination) were not raised on direct appeal and further fall within the category of "mere trial errors." Accordingly, Matthews is procedurally barred from raising those issues now.

3. ASSUMING MATTHEWS' FIRST, SECOND, THIRD AND FOURTH ISSUES ARE NOT PROCEDURALLY BARRED BECAUSE THEY ALLEGE FUNDAMENTAL ERROR, THE DISTRICT COURT DID NOT ERR IN DISMISSING THE PETITIONS BECAUSE THE ISSUES ARE WITHOUT MERIT.

As noted above, the *Smith* Court stated that fundamental error may be raised for the first time in a petition for post-conviction relief. "[S]uch a fundamental error would be where, for example, a felony offense is tried by a court with jurisdiction to try only misdemeanors." 94 Idaho at 475 n. 13, 491 P.2d at 739 n. 13.

Assuming, without deciding, that Matthews' first, second, third and fourth issues (the constitutional attacks on the torture murder statute) allege fundamental error, we hold that the district court did not err in dismissing these issues because they are without merit as a matter of law. Matthews attacks the validity of the torture murder statute by arguing that the statute unconstitutionally eliminates the "elements" of malice and intent to kill from the definition of murder, and because the statute does not require proof of "untowards purpose behind torturous conduct." However, the definition of the elements of a criminal offense is entrusted to the legislature. *Liparota v. United States*, 471 U.S. 419, 424, 105 S.Ct. 2084, 2087, 85 L.Ed.2d 434 (1985); *State v. Olsen*, 103 Idaho 278, 284, 647 P.2d 734, 740 (1982). Matthews' contention that the torture murder statute does not include all the elements it could include does not state a basis for relief.

4. THE DISTRICT COURT ERRED IN DISMISSING MATTHEWS' INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WITHOUT HOLDING AN EVIDENTIARY HEARING.

The sixth and ninth issues (that he was deprived of his right to effective assistance of counsel both at trial and on appeal) were considered but rejected by the district court.

The State argues on appeal that we need not reach the merits of the ineffective assistance of counsel issues because they, like the other issues, have been waived because they were not raised on appeal. We disagree. A special rule applies in these cases. A defendant may raise the issue of ineffective assistance of counsel at trial either on direct appeal or in a petition for post-conviction relief, but not both. Thirteen years ago in another case this Court explained:

> Hence having raised the issue of competence of counsel on direct appeal, the appellant cannot again have the same matter considered further by this Court on appeal from the denial of a post-conviction application. If he chooses to raise the issue on direct appeal and the matter is considered, it becomes *res judicata*. However, he may reserve this issue more properly for a post-conviction hearing. This comports with the purpose of the Uniform Post–Conviction Procedure Act as set forth in I.C. § 19–4901(b):
>
> > "This remedy is not a substitute for nor does it affect any remedy incident to the proceeding in the trial court, *or of an appeal from the sentence or conviction.*"
>
> Hence, it is conceivable that the appellant may have a direct appeal pending on the purported errors that arose during the trial, as shown on the record, and at the same time pursue the question of whether he was denied effective assistance of counsel in a post-conviction hearing as to matters arising outside of the record.

*Kraft v. State,* 100 Idaho 671, 674, 603 P.2d 1005, 1008 (1979) (emphasis in original). In the *Kraft* direct appeal in a specially concurring opinion, Justice Bakes had earlier stated that a petition for post-conviction relief is the preferred forum for bringing claims of ineffective assistance of counsel:

> The question of competency of counsel is an extremely complex factual determination which, in all but the most unusual cases, requires an evidentiary hearing for determination. * * * The resolution of those factual issues for the first time on appeal, based upon a trial record in

which the competency of counsel was not an issue, is at best conjectural.

*State v. Kraft,* 96 Idaho 901, 906, 539 P.2d 254, 259 (1975) (Bakes, J. specially concurring).

The rule of *Kraft v. State* was recently applied in *Parrott v. State,* 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). *See also Paradis v. State,* 110 Idaho 534, 543, 716 P.2d 1306, 1315 (1986) (the Court considers ineffective assistance of counsel issue raised for the first time in a petition for post-conviction relief) and *Gibson v. State,* 110 Idaho 631, 634, 718 P.2d 283, 286 (1986) (same).

The foregoing was sufficient authority to activate the district court into a review of Matthews's claim of ineffective assistance of trial counsel. It is equally clear that the district court should have considered and ruled on the same issue with regards to appellate counsel. That claim is not one which could be raised on direct appeal and accordingly is not barred. *See Garasha v. State,* 393 N.W.2d 20, 22–23 (Minn.App. 1986) (claim of ineffective assistance of counsel may be raised for the first time in a post-conviction petition because it could not have been raised previously).

We begin our substantive analysis by recognizing that an accused has a constitutional right to assistance of counsel. U.S. Const. amend. VI. *Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963). "This right is fundamental and is not a luxury." *Stuart v. State,* 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990) citing *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The right to counsel necessarily includes the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 837, 83 L.Ed.2d 821 (1985).

The district court's dismissal of Matthews's petition without an evidentiary

hearing was based upon I.C. § 19–4906(b), which reads:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the petition and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application, or direct that the proceedings otherwise continue. Disposition on the pleadings is not proper if there exists a material issue of fact.

■ Similar to the procedure on a summary judgment motion, all facts and reasonable inferences properly drawn from those facts must be construed in favor of the applicant when considering an I.C. § 19–4906(b) dismissal. *Parrott v. State,* 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). Until allegations in a post-conviction petition are controverted they are deemed to be true. *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). The issue on appeal from a dismissal is whether the petition alleges facts which, if true, would entitle the petitioner to relief. *Smith v. State,* 94 Idaho 469, 472, 491 P.2d 733, 736 (1971).

Matthews alleged in his petition that both his trial counsel and his counsel on appeal were ineffective because they failed to raise certain issues, to which, the district court stated:

> The court takes judicial notice of the proceedings which took place before it and determines that the defendant ·received competent representation at trial. The case was vigorously defended and the issues appropriate for consideration were raised.
>
> The effectiveness of appellate counsel is more difficult for the trial court to assess. However, taking note of the trial record the court determines that the fail-ure to assert the issues claimed by the petitioner did not deny him the effective assistance of appellate counsel. That is, the record would not support a reversal of the conviction on any ground raised.

■ Our concern, then, is whether the trial court erred in taking judicial notice of the trial proceedings and in turn erred in dismissing the petition without conducting an evidentiary hearing on the ineffective assistance of counsel claims. Under I.C. § 19–4906(b), the court must be satisfied upon review of the "application, the answer or motion, and the record" that the applicant is not entitled to post-conviction relief. There was no answer or motion whatever by the State. It follows that there is insufficient record and certainly nothing which serves to controvert Matthews' allegations. The "record" relied upon by the district court consisted only of its "judicial notice" of the trial proceedings over which, of course, the trial judge had presided. However, there does not appear to be any statutory provision or case law precedent which elevates the taking of judicial notices to the equivalent level of a court record. On the latter, the court may base a *sua sponte* dismissal, but not where a taking of judicial notice, by recollection, is relied upon.

Idaho Rule of Evidence 201 limits the scope of facts which may be judicially noticed to those "not subject to reasonable dispute in that [they] are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." We are not apprised that the facts surrounding the representation of petitioner at the trial and on appeal are generally known in the territorial jurisdiction of the court.[1] Facts may not be judicially noticed simply because they are within the personal recollected knowledge of the judge, if those facts are not also generally known in the jurisdiction. *Government of Virgin Islands v. Gereau,* 523 F.2d 140, 147–148 (3d Cir.1975); Wright

---

1. The rule does not purport to define "territorial jurisdiction of the court."

and Graham, Federal Practice and Procedure: Evidence § 5105.

Additionally, the facts attendant to the trial and in turn the appeal are not capable of accurate and ready determination; for example, the transcribed testimony is comprised of only one day of the thirteen day trial. The absence of a transcript is particularly troublesome because the prosecution in question took place in 1983. In the intervening nine years the memory of the district judge may have become to some extent blurred by the passage of time and the continuous parade of criminal trials over which the judge has presided. Reputable authority suggests that even were we to have a complete transcript, that alone may not be adequate. Discussions and conferences between client and counsel generally take place outside the presence of the court, are unreported as well, and they may be critical on reaching a determination as to whether there is merit in a defendant's assertion that counsel failed in his obligations of providing competent representation. *See State v. Kraft,* 96 Idaho at 906, 539 P.2d at 259 (Bakes, J., specially concurring). Obviously, this Court has no knowledge of those facts. Judicial notice taken of prior reported but not transcribed testimony cannot be allowed because conclusions drawn from that source are incapable of being reviewed by an appellate court.

Holdings which have reached the conclusion that trial judges may not take judicial notice of recollected testimony from a previous trial in a subsequent proceeding include *Amco Mesh and Wire Co. v. Stewart,* 474 S.W.2d 740, 741–42 (Tex.App.1971); *Muller v. Leyendecker,* 697 S.W.2d 668, 675 (Tex.App.1985); *Dyer v. Ross–Lawhon,* 288 Ark. 327, 704 S.W.2d 629, 631 (1986); *M/V American Queen v. San Diego Marine Const.,* 708 F.2d 1483, 1491 (9th Cir.

1983); *see also United States v. Christie Industries, Inc.,* 465 F.2d 1000, 1001–1002 (3d Cir.1971) (appellate court may not take judicial notice of testimony in related civil proceeding).

 We do not mean to hold that full trial transcripts are required in every case where a petitioner alleges ineffective assistance of counsel. Rather, we hold that prior to dismissing a petition for post-conviction relief, the district court is required to obtain that portion of the trial transcript as is necessary to a determination "on the basis of the application, the answer or motion, and the record," that there are no material issues of fact and that the petitioner is not entitled to post-conviction relief. I.C. § 19–4906(b). In some cases, no transcript will be necessary because the petition may be deficient on its face. In other cases, a partial transcript may be all that is required to satisfy the statute.

For example, in light of the claims which must be considered upon remand,[2] the trial court may be able to determine from a transcript of the jury instruction conference and the prosecutor's cross-examination of Matthews whether his trial counsel asserted the issues Matthews now argues should have been raised at trial. If such issues were not raised at trial, such partial transcripts may also be sufficient to enable the trial court to determine whether the issues have merit and, if so, whether the failure to raise these issues constitutes deficient performance by counsel that, with reasonable probability, would have changed the outcome of the trial. *Parrott v. State,* 117 Idaho at 275, 787 P.2d at 261. In view of the limited nature of Matthew's surviving claims, a full transcript of the trial proceedings may not be necessary to the determination of whether the petition is subject to dismissal pursuant to I.C. § 19–

---

2. In general, Matthews alleges that he was deprived the effective assistance of counsel by counsel's failure to raise eight issues. The trial court need not address the allegation of ineffectiveness regarding Matthew's first, second, third, and fourth issues as we have determined in Part 3 above that they are without merit. A claim of ineffective assistance of counsel cannot be predicated upon counsel's failure to argue meritless

issues. *Maxfield v. State,* 108 Idaho 493, 501, 700 P.2d 115, 123 (Ct.App.1985). We do not address the merits of Matthew's fifth, sixth, seventh, or eighth issues since the claims embodied in those issues have been waived. However, counsel's failure to raise those claims could conceivably constitute ineffective assistance of counsel, if those claims have merit.

**809**

4906(b). A similar analysis would apply to the issue of ineffective assistance of counsel on appeal.

For the reasons above, the district court's dismissal of Matthews' petition is affirmed in all respects other than as to the issue raised by allegations of ineffective assistance of counsel, as to which we reverse the district court and remand for further proceedings consistent with this opinion.

McDEVITT, J. and WINMILL, J. Pro Tem., concur.

BOYLE, J. sat, but did not participate due to his resignation on March 31, 1992.

BAKES, Chief Justice, concurring in part and dissenting in part:

I concur in all of the Court's opinion except Part 4 dealing with Matthews' claim of ineffective assistance of trial and appellate counsel. The Court's opinion concludes that the trial court erred in taking judicial notice of the trial proceedings and concluding that, "The case was vigorously defended and the issues appropriate for consideration were raised."

To a certain extent I agree with this Court's opinion that judicial notice may not have been sufficient reason to dismiss where there has been no response by the State because ineffective assistance of counsel can occur as a result of proceedings outside the courtroom. Thus, even if the trial court takes judicial notice of all of the proceedings before it, there could be a lingering ineffective assistance of counsel claim as a.result of proceedings which occurred outside the court's presence.

However, here the amended petition for post conviction relief asserts fourteen separate factual claims unrelated to ineffective assistance of counsel, none of which have any merit. As to the two remaining claims relating to ineffective assistance of counsel, those claims only state the conclusion that, "The petitioner was not afforded adequate and competent representation during trial in violation of the ... Constitution of the United States ... [and] the Idaho State Constitution." The petitioner, having as-serted fourteen factual but meritless claims, cannot simply rely on conclusory allegations that he was denied effective assistance of counsel at trial and on appeal, without alleging any other factual allegations than those contained in the fourteen meritless claims. Those conclusory allegations do not constitute sufficient grounds for requiring the trial court to hold a hearing. Accordingly, I would affirm the trial court's dismissal of the post conviction proceeding in its entirety.