**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47344**

| | |
|---|---|
| RORIQUE JAMES TOYE, | ) |
| | ) **Filed: September 28, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood; Hon. Patrick J. Miller, District Judges.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Rorique James Toye appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After Toye fathered two children with his teenage daughter, the State charged Toye with two counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and two counts of sexual battery of a minor under sixteen or seventeen, I.C. § 18-1508A. A jury convicted Toye on all counts, and the district court imposed a unified sentence of thirty years, with thirteen years determinate.

Proceeding pro se, Toye filed a petition for post-conviction relief, was appointed counsel, and then filed an amended petition. As relevant to this appeal, Toye alleged in his amended

petition that his trial counsel was ineffective for failing to adequately convey and explain the State's plea agreement offers. Toye alleged this deficient performance prejudiced him because the district court "would have considered a lesser sentence" if he had pled guilty:

> [Toye] was prejudiced by proceeding to trial, against his wishes, rather than pleading guilty, accepting responsibility for his offense, and saving valuable judicial resources. [Had] he done so, the Court would have taken some mercy on him and considered a lesser sentence, rather than the thirty-year sentence he received.

In response, the State filed a motion for summary dismissal of all Toye's claims. At the conclusion of the hearing on the State's motion, the district court granted the motion. Regarding Toye's claim that his counsel failed to adequately convey and explain the State's plea agreement offers, the court ruled that Toye failed to establish prejudice and explained the court's sentencing decision was not based on Toye's decision to proceed to trial:

> I have never--as long as I am ever functioning as a judge, will never hold it against someone at sentencing the fact that they chose to go to trial and hold the State to its burden. That is a flat right of every citizen--or not every citizen--every inhabitant, everyone accused of a crime in this country. And so [Toye's] apparent concern that the Court would view it as a waste of judicial resources and make it more difficult for him at sentencing just isn't there.

Thereafter, the district court entered a written order summarily dismissing Toye's amended petition.[1] Toye timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1).

---

[1] The Honorable Richard D. Greenwood presided over the hearing on the State's motion for summary dismissal and granted that motion during the hearing. Thereafter, the Honorable Patrick J. Miller entered a written order reiterating the dismissal of Toye's amended petition.

2

Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Toye challenges only the district court's dismissal of his claim that his trial counsel was ineffective for failing to adequately convey and explain the State's plea agreement offers. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Toye's specific challenge on appeal is that the district court improperly "took judicial notice of its personal recollection of the prior trial proceedings, without obtaining transcripts of the proceedings referenced." In support of this challenge, Toye references the court's statement during the hearing on the State's motion to dismiss that the evidence against Toye was "overwhelming":

> In terms of the trial, the evidence at trial was overwhelming. [The State's counsel] has accurately stated the nature of the record at trial, and, I guess, to some extent I am taking judicial notice of that even though I didn't announce that to begin with. But because I was there at the trial, the record of the trial clearly showed, if one transcribes it, that the victim testified as to the conduct, [Toye] had

4

admitted to the conduct, the DNA tests on the child, all of that showed that the outcome of the trial was really never in doubt.

Toye relies on *Matthews v. State*, 122 Idaho 801, 839 P.2d 1215 (1992), to assert the district court erred by judicially noticing its personal recollection of the trial proceedings. In *Matthews*, the petitioner alleged claims of ineffective assistance of counsel. *Id.* at 807, 839 P.2d at 1221. After issuing a notice of intent to dismiss the petition, the district court entered an order of dismissal. *Id.* at 803, 839 P.2d at 1217. In support, the court took judicial notice of "the proceedings which took place before it" to determine that "the case was vigorously defended," "the issues appropriate for consideration were raised," and the petitioner "received competent representation at trial." *Id.* at 807, 839 P.2d at 1221. The petitioner appealed this ruling, among other things.

On appeal, the Idaho Supreme Court noted the "record" the trial court relied on consisted only of its judicial notice of the trial proceedings over which the court had presided. *Id.* The Court held that trial courts may not take judicial notice of recollected testimony from a prior proceeding without obtaining the portion of the transcript necessary to determine no material issue of fact exists for an evidentiary hearing. *Id.* at 808, 839 P.2d at 1222. The Court noted the transcript's absence in that case was "particularly troublesome" because the petitioner filed his petition nine years after his prosecution and the trial judge's memory may have been "blurred by the passage of time and the continuous parade of criminal trials over which the judge presided." *Id.* Further, the Court reasoned that "judicial notice of prior reported but not transcribed testimony cannot be allowed because conclusions drawn from that source are incapable of being reviewed by an appellate court." *Id.*[2]

Toye is correct that the district court in this case violated the rule in *Matthews* by taking judicial notice "of its personal recollection of the *trial proceedings* in the underlying case" without obtaining a transcript of those proceedings. (Emphasis added.) Nevertheless, that error

---

[2]     Toye also relies on *Navarro v. Yonkers*, 144 Idaho 882, 173 P.3d 1141 (2007), which, like *Matthews*, ruled that:

> A judge may take judicial notice of personal recollection of prior proceedings to the extent that the judge recalls what occurred. However, the previous hearing must be transcribed so that any alleged error in such judicial notice is subject to appellate review.

*Navarro*, 1440 Idaho at 887, 173 P.3d at 1146 (citing *Matthews*, 122 Idaho at 808, 839 P.2d at 1222).

has no bearing on the issue Toye has raised on appeal. At issue on appeal is not the court's personal recollection of the sufficiency of evidence during trial. Rather, whether Toye established a genuine issue of material fact that his counsel's deficient pretrial performance prejudiced him during sentencing is the issue Toye has raised on appeal.

In order to prove prejudice, Toye had the burden to show that, but for his trial counsel's failure to adequately convey and explain the State's plea agreement offers, Toye would have pled guilty, and as a result, "the district court would have considered a lesser sentence." The district court, however, emphatically stated it did not base Toye's sentence on his decision not to plead guilty and to proceed to trial instead. This statement was not judicial notice of any untranscribed testimony from Toye's sentencing or other proceedings. Rather, the statement was simply the court's acknowledgement of Toye's right to a jury trial and the court's obligation not to penalize him at sentencing for exercising that right.

Toye cannot establish that the district court's recollection that the trial evidence against him was "overwhelming" means, as he alleges, that the court did not "consider a lesser sentence" at sentencing. Further, to the extent the court relied on the details of Toye's crime for sentencing purposes, those facts were contained in the presentence investigation report. Moreover, whether the court "would have considered a lesser sentence," as Toye alleges, would not establish prejudice even if Toye were able to prove this conclusory allegation. A showing of a genuine material fact of prejudice in this instance would require both that the court would have considered a lesser sentence and that it would have actually imposed a lesser sentence. Toye did not make this showing.

## IV.
## CONCLUSION

Toye failed to establish a genuine issue of material fact that his counsel's alleged ineffective assistance prejudiced him. Accordingly, we affirm the district court's summary dismissal of Toye's amended petition for post-conviction relief.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

6